[No. 6,744.—Department No. 1.]

## CARR *v.* THE CENTRAL PACIFIC RAILROAD CO.

LEGISLATIVE GRANT — CONSTRUCTION — TIMBER — DEFINITION.— By the Act of Congress of July 1st, 1862, entitled "An Act to aid in the construction of a railroad, etc.," the timber growing on the odd-numbered sections of public mineral land of the United States was granted to the Central Pacific Railroad Company of California; and under the term *timber* is included all trees and wood. *Held*, accordingly, that a subsequent patentee of such lands took no title to the timber.

APPEAL from a judgment for the defendant, in the Fourteenth District Court, County of Placer.

Action for trespass in entering upon and taking timber from plaintiff's land, described as an odd-numbered section. The plaintiff claimed under a patent issued upon a mineral claim, of date Dec. 9th, 1873. The defendant, in its answer, alleged that the timber was granted to its predecessor, the Central Pacific Railroad Company of California, by the Act of Congress of July 1st, 1862, entitled "An Act to aid in the construction of a railroad and telegraph line from the Missouri River to the Pacific Ocean," etc. The judgment recites that, by consent of the parties, the plaintiff's patent was made part of his pleading, and that the cause was submitted to the Court upon the pleadings.

*W. H. Bullock, for Appellant.*—There is but one question to be decided in this case, and that is: Who is entitled to the timber upon this land? Plaintiff claims it by virtue of his patent, issued December 9th, 1873. There are five reservations in this patent, and there is no reservation of timber at all. The defendants claim that they are entitled to the timber under the Act of Congress of 1862. (Reads act.) It is under that that the railroad company claims the timber.

*Mr. Justice* MCKINSTRY, *presiding.*—The words of the grant are very broad. We all think that this judgment will have to be affirmed. The language seems to be about as broad as it can be: that "the timber thereon is hereby granted." The only possible doubt would be as to whether "timber" included all trees and wood.

*Hale & Craig, for Respondent.*—There is no controversy as to that, I understand.

*Mr. Justice* McKINSTRY.—Judgment affirmed.